# Florence M. & R. Supply Co. *v.* International Agri. Cor.

## *Assumpsit.*

### (Decided May 19, 1914. 65 South. 413.)

1. *Arbitration and Award; Pleading Award as Defense.*—Where it was averred that the subject matter of the suit was submitted to arbitration by the plaintiff and defendant, and that the arbitrators rendered the award set out in the plea, the plea was not rendered demurrable because the award named the parties as defendant and one M, who was president of plaintiff corporation, since plaintiff's participation in the arbitration could not have been more pointedly averred, and the fact that the award named the parties as the defendant and M, did not make the plea contradictory, and there was nothing in the terms of the award inconsistent with the averment as to the submission.

2. *Same; Evidence.*—Under the general issue and the pleas setting up the award upon submission to arbitration by the parties, it is competent for defendant to introduce evidence tending to show that plaintiff corporation furnished the items under a contract entered into by its president, which it undertook to perform, also that the last submission to arbitration was participated in by plaintiff, and the award released defendant, although the pleas named the parties as defendant and M, who was plaintiff's president.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Assumpsit by the Florence Machine & Railroad Supply Company against the International Agricultural Corporation. Judgment for defendant, and plaintiff appeals. Affirmed.

The following are the pleas referred to in the opinion:

(1) That before the bringing of this suit the subject-matter thereof was, by mutual agreement between plaintiff and defendant, submitted to arbitrators, and the said arbitrators rendered their award in words and figures as follows: [Here follows the award, the substance of which is that the defendant pay the amount due on repairs for the screen, and that defendant A. J. McGarry, president, stand the loss on the crusher, and all repairs they have charged made on them.]

The defendant alleges that the price of the repair for the screen referred to in said award amounted to $91.75, which sum of money defendant tendered to plaintiff, and which tender was refused by plaintiff before bringing this suit, and the defendant now brings it into court.

Plea 2 is simply a plea setting up the submission by agreement between plaintiff and defendant of the subject-matter of the suit to arbitrators, and their award as set up in plea 1.

A. A. WILLIAMS, for appellant. The court erred in overruling plaintiff's demurrers to pleas 1 and 2.—*Glasser v. Meyrovitz,* 119 Ala. 152; *Wood v. Wood,* 134 Ala. 557; *Gardner v. Newman,* 135 Ala. 524; *Ryan v. Young,* 147 Ala. 660; 31 Cyc. 157. The pleas are contradictory. —*Ensley v. Bank of Piedmont,* 113 Ala. 467; 16 Enc. P. & P. 564. The court was in error in permitting the award to be introduced.—*Brown v. Mize,* 119 Ala. 10; 3 Cyc. 674, 785, 789. Counsel discuss other assignments of error, but without further citation of authority.

ASHCRAFT & BRADSHAW, for appellee. There was no error in admitting the award in evidence or in overrul-

ing demurrers to the pleas.—*Wright v. Bolton*, 8 Ala. 548; *Byrd v. Odom*, 9 Ala. 755; *Reynolds v. Reynolds*, 15 Ala. 398; *Wolfe v. Shelton*, 51 Ala. 425; *Brewer v. Bain*, 60 Ala. 153; *Gardner v. Newman*, 135 Ala. 522; *Wilburn v. Hurt*, 139 Ala. 557. An award valid on its. face cannot be impeached, except by a bill in equity, and hence there was no error in excluding evidence as to what was included in the arbitration.—*Strong v. Verougon*, 18 Ala. 169; *Ga. Home I. Co. v. Kline*, 114 Ala. 366; 2 Dec. Dig. secs. 88-9.

WALKER, P. J.—This was an action on an account. By plea 2 the defendant set up:

"That prior to the bringing of this suit the subject-matter thereof was submitted by the plaintiff and defendant, by mutual agreement between them, to arbitrators, and the defendant alleges that the arbitrators rendered their award in words and figures as follows, to wit."

Here was set out the alleged award, in which the parties to the arbitration were mentioned as "the International Agricultural Corporation and Major A. J. McGarry." The averments of this plea are plainly to the effect that the plaintiff corporation participated in a submission to arbitration of the subject-matter of this suit, and that the alleged award resulted from that submission and arbitration. Obviously this plea is not subject to the grounds of the demurrer to it which suggest its failure to show that the plaintiff was in any way connected with or bound by the alleged arbitration, and that it shows on its face that the plaintiff had no connection whatever with the alleged arbitration and award. The plaintiff's participation in the submission to the arbitration of which the alleged award was the result could not well have been more pointedly averred.

The remaining ground assigned in the demurrer to this plea is:

"That said plea is contradictory, in that it alleges an arbitration, and the award set out therein shows an award had between defendant and A. J. McGarry."

We are not of opinion that the averments of the plea are contradictory in the particular mentioned. While the award on its face does not suggest that it embraces any matter of controversy between the plaintiff and the defendant, nothing in its terms is necessarily inconsistent with the averments of the plea to the effect that the subject-matter of this suit was submitted to arbitration by the plaintiff and the defendant, and that the award embraced the claim sued on. If the plaintiff participated in the submission and arbitration, as the averments of the plea plainly allege that it did, it was bound by the finding that the defendant is "not to pay for crusher or any repairs for same." The complaint in the case did not inform the court of the items embraced in the account sued on. It might be that that account was for the repairs mentioned in the above-quoted finding, for which, by the terms of the award, the defendant was not to pay. The conclusion is that the plea mentioned was not subject to demurrer on the grounds assigned.

The plaintiff sought to prove the account sued on by the testimony of A. J. McGarry. He stated that his business was running a foundry and machine shop, the name of which was that of the plaintiff, Florence Machine & Railroad Supply Company, a corporation of which he was president and general manager when the items constituting the account sued on were furnished. On the cross-examination of the witness there was exhibited to him a contract made by him with the defendant for the erection of a phosphate rock crusher, which

contained provisions requiring him to replace any part of the machinery which might break or prove defective within one year after it was placed in operation, and for the arbitration of matters of disagreement arising out of the contract. The witness admitted on his cross-examination that the account sued on was for repairs of the crusher furnished within a year after its erection. There was also exhibited to the witness a number of letters written by him to the defendant in reference to the work done under the contract, and to the arbitration of the matters as to which there was disagreement. These letters were written on stationery of the plaintiff, the Florence Machine & Railroad Supply Company. Some of them were signed in the name of that company, and some by "A. J. McGarry, President." In one of the letters which was signed in this way it was stated:

"We are always willing and stand ready at any time to replace any broken parts which is caused by faulty material or workmanship."

An arbitrator was named in a letter signed "A. J. McGarry, President." The defendant's communications were addressed to "A. J. McGarry, Pres. Florence Machine & Railroad Supply Co." It might well be that the plaintiff coporation undertook to carry out the contract which was made by its president in his individual capacity, and the correspondence offered in evidence indicated that this was done, and that the plaintiff corporation, not its president in his individual capacity, was the party dealt with in the controversy as to the performance of the contract, and in the submission to arbitration of matters in dispute. In the first award that was made the plaintiff and the defendant were named as the parties to the arbitration. The defendant, in a letter addressed to "Maj. A. J. McGarry, Pres. Florence Mach. & R. R. Co.," agreed that the two arbitra-

tors who joined in that award should meet again with a third man to be selected by them, go over the matters in controversy, and make an award, "with the understanding that, when such an award is made, it is to be a final settlement of all matters pertaining to the crusher, appliances, screens, and repairs." Shortly afterwards another award was made pursuant to the suggestion contained in that letter. Under its plea of the general issue and its two special pleas setting up the two awards, it was permissible for the defendant to introduce evidence tending to prove that the items embraced in the account sued on where not chargeable against it, but were furnished by the plaintiff corporation pursuant to an obligation imposed by a contract entered into by its president, the performance of which it undertook in its own or in his behalf, and that the submission to arbitration was participated in by the plaintiff corporation, claiming under the contract entered into by its president, who seems to have had practically exclusive control of its operations. That such a state of facts existed was indicated by the correspondence brought out in the cross-examination of the witness, and we are not of opinion that the court was in error in admitting in evidence that correspondence, the contract to which it had reference, and the award made on a submission to arbitration to which there was evidence tending to prove that the plaintiff corporation was a party. It was open to the plaintiff to rebut the inferences that might be drawn from the facts elicited in the cross-examination of its witness; but it was not entitled to have the evidence of those facts excluded, as that evidence was pertinent to issues raised by the pleadings in the case.

Affirmed.